# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROGER HARRIS,

    Plaintiff,                        Case No. 08-10525

v.                                             Hon. Gerald E. Rosen

GULF STREAM COACH, INC.,
and GENERAL R.V. CENTER, INC.,

    Defendants.
_____/

## OPINION AND ORDER DENYING
## PLAINTIFF'S MOTION FOR REMAND

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     April 11, 2008

PRESENT:   Honorable Gerald E. Rosen
                     United States District Judge

## I. INTRODUCTION

Plaintiff Roger Harris commenced this action in Macomb County Circuit Court on January 16, 2008, asserting claims against Defendants Gulf Stream Coach, Inc. and General R.V. Center, Inc. under the federal Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.,* as well as state-law claims of breach of express and implied warranties, revocation of acceptance, and violation of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901 *et seq.* These claims arise from Plaintiff's purchase of a recreational vehicle ("R.V.") which, according to the complaint, suffers from various

defects and has been out of service for an extended period. Defendants removed the case to this Court on February 5, 2008, asserting in their notice of removal that the amount in controversy exceeds the $50,000 statutory threshold for pursuing MMWA claims in federal district court. See 15 U.S.C. § 2310(d)(3)(B); see also 28 U.S.C. § 1441(a) (authorizing removal of a suit that lies within the original jurisdiction of the federal district court).

Through the present motion, filed on February 21, 2008, Plaintiff contends that this case must be remanded to state court for lack of the requisite $50,000 amount in controversy that would permit this Court to address his claims under the MMWA. In support of this argument, Plaintiff points to the Sixth Circuit's decision in Golden v. Gorno Bros., Inc., 410 F.3d 879 (6th Cir. 2005), as setting forth the principles by which the amount in controversy here should be measured. Defendants filed a response in opposition to Plaintiff's motion on March 6, 2008, arguing that the Sixth Circuit's more recent ruling in Harnden v. Jayco, Inc., 496 F.3d 579 (6th Cir. 2007), and not Golden, should govern this Court's determination of the amount in controversy in this case.

Having reviewed the parties' briefs in support of and opposition to Plaintiff's motion, the accompanying exhibits, and the record as a whole, the Court finds that the relevant facts, allegations, and legal arguments are adequately presented in these written submissions, and that oral argument would not aid the decisional process. Accordingly, the Court will decide Plaintiff's motion "on the briefs." See Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. For the reasons stated below, the Court finds

that this motion must be denied.

## II. FACTUAL AND PROCEDURAL BACKGROUND

According to the complaint, on or around July 31, 2007, Plaintiff Roger Harris purchased a 2007 Gulf Stream Independence recreational vehicle ("R.V.") from Defendant General R.V. Center in Mt. Clemens, Michigan. This R.V. was manufactured by Defendant Gulf Stream Coach. Plaintiff alleges that in connection with his purchase of this R.V., he received written warranties "and other express and implied warranties" from the two Defendants. (Complaint at ¶ 5.) Since this purchase, Plaintiff has taken the R.V. to Defendant Gulf Stream Coach's authorized dealers, including Defendant General R.V. Center, for repair of various defects, with the result that the R.V. "has been out of service for more than 145 days due to repairs, and remain[ed] out of service" as the date the complaint was filed. (Id. at ¶ 6.)

Based on these allegations, Plaintiff commenced the present suit in state court on January 16, 2008. In his four-count complaint, Plaintiff has asserted: (i) a claim under the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901 et seq.; (ii) claims of breach of written warranty under the federal Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 et seq., and under Michigan's enactment of the Uniform Commercial Code ("UCC"); (iii) claims of breach of implied warranty under the MMWA and the UCC; and (iv) a claim of revocation of acceptance under the UCC. Under all but the first of these counts, Plaintiff requests precisely the same relief: (i) a declaration that he properly revoked his acceptance of the allegedly defective R.V., along with an award

of the damages incurred in revoking acceptance; (ii) a refund of the purchase price he paid for the R.V.; (iii) cancellation of his retail installment contract, with the remaining balance deemed to be paid off; (iv) an award of consequential, incidental, and actual damages; (v) an award of costs, interest, and attorney's fees; and (vi) any other relief that the Court deems appropriate.

Defendants removed the case to this Court on February 5, 2008. As the basis for removal, Defendants cite Plaintiff's assertion of a federal claim under the MMWA, and they point to Plaintiff's effort to recover the full purchase price of the R.V. — which the parties agree was at least $79,978.00, exclusive of taxes or other charges[1] — as demonstrating that the amount in controversy here exceeds the $50,000 threshold for claims under the MMWA to be heard in federal district court. Through the present motion, however, Plaintiff argues that this $50,000 threshold has not been met, and that the case therefore must be remanded to state court.

### III. ANALYSIS

**A.   The Standards Governing Plaintiff's Motion**

Defendants' removal of this case to this Court rests upon Plaintiff's assertion of federal claims under the MMWA that purportedly lie within the Court's original jurisdiction. See 28 U.S.C. § 1441(a). Yet, under the MMWA itself, the claims asserted by Plaintiff in this case may be brought in federal district court, as opposed to state court,

---

[1] Defendants assert that the correct figure is $81,211.28.

4

only if the amount in controversy is at least $50,000. See 15 U.S.C. § 2310(d)(3)(B). Accordingly, the propriety of Defendants' removal turns upon whether this $50,000 threshold is met under the allegations of Plaintiff's complaint.

As the removing parties, Defendants have the burden of showing that the MMWA's amount-in-controversy requirement is satisfied. See Everett v. Verizon Wireless, Inc., 460 F.3d 818, 822 (6th Cir. 2006). Where, as here, a plaintiff seeks to recover "some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement, the defendant satisfies its burden when it proves that the amount in controversy more likely than not exceeds" the $50,000 threshold for federal district court jurisdiction. Everett, 460 F.3d at 822 (internal quotation marks and citation omitted). With these standards in mind, the Court turns to Plaintiff's motion.

**B.     The Amount in Controversy More Likely Than Not Exceeds $50,000, in Light of Plaintiff's Request for Cancellation of the Parties' Contract.**

As the parties agree, the Court's amount-in-controversy inquiry is guided by the Sixth Circuit's recent decisions in Golden v. Gorno Bros., Inc., 410 F.3d 879 (6th Cir. 2005), and Harnden v. Jayco, Inc., 496 F.3d 579 (6th Cir. 2007). In each of these cases, the court considered how the amount in controversy should be measured where, as here, the plaintiff has asserted claims under the MMWA and Michigan law arising from the purchase of an allegedly defective vehicle. In the present case, Plaintiff contends that Golden articulates the proper formula for determining the amount in controversy, while

5

Defendants argue that Harnden is controlling. The Court readily concludes that Defendants have the better of the argument on this point.

In Golden, plaintiff Terrance Golden purchased a customized Ford Mustang under a retail installment contract that called for payments totaling $61,708.80, with more than $14,000 of this amount consisting of finance charges. The pre-tax purchase price of this vehicle was 42,903.41. After Golden repeatedly returned the vehicle to the dealer for a series of unsuccessful repairs, he brought suit in federal district court, asserting a federal claim under the MMWA and several state-law claims. The district court dismissed the suit, holding that Golden's claims and pleas for relief did not satisfy the MMWA's $50,000 amount-in-controversy requirement.

On appeal, Golden argued that the district court's determination of the amount in controversy "fail[ed] to consider revocation of acceptance as an available remedy under the Magnuson-Moss Warranty Act and under Michigan law." Golden, 410 F.3d at 882. Assuming that he had validly revoked his acceptance, Golden argued that the proper measure of the amount in controversy would be the entire amount of the installment contract, including the finance charges. The Sixth Circuit disagreed, holding that even if Golden were "entitled to a refund of the full contract price upon revocation of acceptance, . . . it does not follow that the amount in controversy requirement has been satisfied," because "the finance charges of a contract should not be added" when making this determination. Golden, 410 F.3d at 884-85. Rather, the Court elected to apply a formula that had been adopted by two other circuits under comparable circumstances:

6

> [T]he amount in controversy here would be calculated by determining the difference between the cost of a replacement vehicle ($42,903.41) and the present value of the Mustang ($25,000). The resulting figure of $17,903.41 would be further reduced by the value that Golden obtained from the Mustang. Even if this amount were $0.00, the most that he could recover and that [the defendant dealer] could lose would be $17,903.41. Accordingly, the amount in controversy is that amount or a lower figure.

410 F.3d at 885 (footnote omitted).

Applying Golden's analysis to this case, Plaintiff argues that the amount in controversy should be calculated as follows:

| | |
|---|---|
| Purchase price of replacement R.V.: | $79,978.00 |
| Present value of Plaintiff's R.V.: | $35,000.00 |
| Beneficial use: | $      0.00 |
| Amount in controversy: | $44,978.00 |

(See Plaintiff's Motion, Br. in Support at 4.)[2] Because this amount is less than the $50,000 threshold for federal district court jurisdiction over MMWA claims, Plaintiff concludes that this case must be remanded to state court.

Notably absent from Plaintiff's motion, however, is any discussion (or even acknowledgment) of the Sixth Circuit's more recent decision in Harnden.[3] The plaintiff in that case, Glenn Harnden, purchased an R.V. for the price of $51,451.22, but had to

---

[2]As noted, the parties differ modestly as to the purchase price paid by Plaintiff for his R.V. In addition, Plaintiff identifies the present value of his R.V. as between $35,000 and $40,000, without explaining how he arrived at these figures. Nonetheless, the Court need not resolve these questions, in light of its disposition of Plaintiff's motion on another ground.

[3]This omission is particularly unfortunate, given that two of Plaintiff's attorneys in the present case, Mark Romano and Karl Heil, also represented the plaintiff in Harnden. See Michigan Rule of Professional Conduct 3.3 (imposing a duty of candor toward the courts); see also Local Rule 83.22(b), Eastern District of Michigan (confirming that the Michigan Rules of Professional Conduct govern the practice of law before this Court).

7

return it several times to the defendant manufacturers for repair of various defects. Harnden then brought suit in state court, asserting federal claims under the MMWA as well as several state-law claims. The defendants removed the case to federal court, where the district court awarded summary judgment in favor of the defendant manufacturers.

On appeal, the Sixth Circuit *sua sponte* raised the issue of jurisdiction, questioning whether the case satisfied the MMWA's $50,000 amount-in-controversy requirement. Although Harnden had not sought a remand before the district court, he argued before the appellate court that Golden was controlling, and that the formula applied in that case established an amount in controversy of less than $50,000 in the present suit. The court, however, found that Golden was distinguishable because it did not address an additional remedy that Harnden sought in the present case:

> *Golden* decided only whether a plaintiff's revocation-of-acceptance claim met the amount-in-controversy requirement. Moreover, the court rejected Golden's argument that his revocation-of-acceptance claim should be analyzed in the same way as a rescission claim, so that the full value of the contract, without offset, should be the amount in controversy . . . . To be sure, *Golden* did not instruct courts precisely *how* to analyze rescission claims when determining whether the MMWA's amount-in-controversy requirement is met, nor did it *expressly* hold that rescission claims in this context should be analyzed differently . . . . However, it is clear that *Golden* was distinguishing rescission claims from revocation-of-acceptance claims, and did not endorse the argument that the two types of claims should be analyzed in the same manner.
>
> With this in mind, we find that if only Harnden's revocation-of-acceptance claim were at issue, the formula laid out in *Golden* would clearly control. However, Harnden asserts other relevant claims that were not addressed by the *Golden* court. In particular, Harnden's complaint alleges breach of contract and requests cancellation of his contract; thus, the remedy he seeks is more akin [to] the rescission claim described by *Golden*.

8

> We may consider this state-law claim in computing whether the amount-in-controversy requirement is met. *See* 15 U.S.C. § 2310(d)(3)(B) (expressly providing that federal jurisdiction is not proper "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interest and costs) **computed on the basis of all claims to be determined in this suit"**) (emphasis added). As noted above, *Golden* does not apply the formula to rescission claims. What is truly in dispute is $51,451.22 — the amount of Harnden's contract, without offset. Therefore, we hold that the MMWA's amount-in-controversy requirement is met. It was proper for the district court to exercise jurisdiction.

Harnden, 496 F.3d at 582 (citations and footnote omitted).

As noted earlier, Plaintiff's complaint in this case includes claims of breach of written and implied warranties under the MMWA and state law, as well as a state-law claim of revocation of acceptance. The relief sought under each of these theories includes, among other items: (i) a declaration that Plaintiff properly revoked his acceptance of the allegedly defective R.V., along with a corresponding award of damages; (ii) a refund of the purchase price he paid for the R.V.; and (iii) cancellation of the parties' retail installment contract, with the remaining balance deemed to be paid off. Just as in Harnden, then, Plaintiff's complaint here does not advance "only [a] revocation-of-acceptance claim," but also "asserts other relevant claims that were not addressed by the *Golden* court." Harnden, 496 F.3d at 582. More specifically, the complaint in this case, as in Harnden, asserts a claim that Defendants breached an express warranty that was part of the parties' contract, (see Complaint at ¶¶ 5, 20, 22), and "requests cancellation of [this] contract" as one of the remedies for this alleged breach. Harnden, 496 F.3d at 582.

9

Under these circumstances, the Court finds that <u>Harnden</u> controls over <u>Golden</u> in determining the amount in controversy in this case. The sole basis identified by the <u>Harnden</u> court for distinguishing <u>Golden</u> was that the complaint in the former case "allege[d] breach of contract and request[ed] cancellation of [the parties'] contract," a remedy that the court viewed as "akin [to a] rescission claim." <u>Harnden</u>, 496 F.3d at 582. The complaint here is distinguishable from the one in <u>Golden</u> on precisely this same ground.[4] Indeed, comparison of the underlying complaints in <u>Harnden</u> and this case reveals that they are identical in all relevant respects, with both complaints (i) asserting claims under the MMWA and Michigan law of breach of express and implied warranties, and (ii) seeking the very same remedies for these alleged breaches, including cancellation of the parties' retail installment contract.[5] It is clear beyond dispute, then, that the ruling in <u>Harnden</u> governs this Court's determination of the amount in controversy here.

The application of this ruling to this case is straightforward. Under <u>Harnden</u>, the amount in controversy for a claim of rescission is the full value of the parties' contract, minus any finance charges. <u>See</u> <u>Harnden</u>, 496 F.3d at 582 & n.1. In this case, the purchase price paid by Plaintiff under the parties' retail installment contract was at least $79,978.00, exclusive of taxes or other charges. Since this amount exceeds the sum of

---

[4] Notably, and by way of comparison, the Sixth Circuit held in a very recent decision that the case before it was governed by <u>Golden</u> and not <u>Harnden</u>, where "[l]ike *Golden,* and unlike *Harnden,* [p]laintiffs here seek revocation of acceptance not cancellation of the contract or rescission." <u>Schultz v. General R.V. Center</u>, 512 F.3d 754, 757 n.1 (6th Cir. 2008).

[5] Again, it is worth noting that the complaints in <u>Harnden</u> and this case were signed by the same attorney, Mark Romano.

10

$50,000, the MMWA's amount-in-controversy requirement is satisfied, and Defendants properly removed this case to this Court.

## IV. **CONCLUSION**

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's February 21, 2008 motion for remand is DENIED.

> s/Gerald E. Rosen
> Gerald E. Rosen
> United States District Judge

Dated: April 11, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 11, 2008, by electronic and/or ordinary mail.

> s/V. Sims for LaShawn R. Saulsberry
> Case Manager